OPINION OF THE COURT.
THE defendants in error filed, their bill in clianccr ry, in the court below, statin g, that Robert H. Grayson, Hebe Carter and George W. Grayson executed their joint and several bond, under seal, to the said defendants, for the payment of 1,000 bushels of salt, at the Little Sandy salt-works, on a particular day therein named; and that it was executed at the said salt-works, where the said Robert and George Grayson and Hebe Carter were living at the date of the bond; and they make the bond a part of the bill. They then proceed to state, that said George Grayson had departed this-life insolvent and intestate, after he had removed from this state; that Robert JEi. Grayson was living in Jefferson county in this state, arid was insolvent; so that no part of the demand could be made by execution; that Hebe Carter was dead, having first made her will, and leaving several children her heirs at law and devisees, whose names were unknown to the complainants, and they are therefore made defendants as unknown heirs of the said Hebe; that some of these heirs, they charge, reside out of this state, and that if known the ordinary process of law could not be served on them, and that said unknown heirs were all infants, and had no personal estate or slaves within the county and circuit of Greenup, (where this suit was brought,) except the rents which arise upon their part of the Sandy salt-works; that Valentine Piers undertook to act as the administrator of the goods and estate, with the will annexed, and while thus-acting, he had made a lease of an interest in the Sandy salt-works, claimed by the heirs aforesaid, to a certain Nathaniel Dawson, who had in his hands, then accruing and falling due, of rent salt, to an amount equal or sufficient to discharge this demand, and that they knew of no other personal estate out of which their demand could be satisfied; and unless they could obtain an attachment in chancery, to reach said rent salt, the demand would be lost; and that no personal property,belonging to the obligors, was within the reach of the pro- . cess of that court, except the said salt. They make *254 Piers, the unknown heirs of Hebe Carter, and Dawson, defendants, and pray that Dawson may set forth the amount of salt in his hands, due from him to said estate on the expiration of his lease; that an attachment might be awarded against the salt in Dawson’s hands, and an order restraining him from paying the same to Piers, or any, other person; but as the article was perishable, that Dawson might be permitted to sell it, as it fell due, and retain the money in his hands, subject to the order of the chancellor, and should give bond and security to have and hold the salt forthcoming at the decree; that the proceeds thereof in money, might be applied to the payment of the defendants in error, as their bond was due; or that the salt might, if more equitable, he decreed to them; and for general relief.
This bill is then amended, stating that the rent from Dawson was payable in cash, which they pray may be attached, and that Dawson be enjoined from paying it; that Piers had surrendered his authority as executor, many months before the subpoena had issued on the pri-ginal bill.
On this bill process issued to Greenup, and was executed upon Dawson; the rest were returned “not found.” -A subpeena was issued to Mason, and executed on Piers, and publication made against the heirs of Hebe Carter. An injunction issued, restraining Dawson from paying any of the rent due from him to Piers, to the amount off 1,200, until the further order of the court. An attachment was also issued, attaching the $1,200 in the hands of Dawson, and bond and security was given by Dawson, to have-the same forthcoming at the order of the court.
The defendant, Piers, appeared and demurred to the bill. This demurrer, on argument, was overruled, and an answer ordered, which was never filed. In the progress of the cause, the clerk of the court was appointed receiver of the moneys, for the use of the defendants in error, and authorised to collect the money from Dawson, and for that purpose was allowed to issue • an execution against Dawson, on a replevin bond which was given by him in discharge of a judgment obtained, .against him for the same rent. The bill was ultimately taken pro confesso, and a jury was empannelled to assess the value of the demand due the complainants below, who liquidated it to the sum of $>1,000. They also *255 found the interest. The court, by a final decree, disallowed the interest, but decreed the amount of the sam against the unknown heirs and devisees of Hebe Carter, with costs. Piers was perpetually enjoined from collecting of said Dawson to that amount, and Dawson was directed to pay it ov’er to the clerk of the court, for one of the complainants, for whose use the suit was brought. To reverse this decree, this writ of error is prosecuted; and errors are assigned, questioning the decree, on the grounds, that all proper parties were not made; that the chancellor had no jurisdiction; that the attachment was irregular, and the decree erroneous on its merits.
A suggestion tllat the heir® obKgor^na^ bond not binding the solvent ^^ná" thoir names unknown, is suffi* for transferring the juris* diction from acourtoflaw to a coúrt of y-
*255 The proceedings in this cause are so singular, and so anomalous, in many respects, that we scarcely knew how to recount them, much less to reason against them. We pass over the cautious phraseology of the bill, which represents that the names of the heirs and devisees of H. Carter were unknown, leaving the defendants in error to account for the knowledge they possessed relative to part living within the state and part without; to their being devisees, and there being a. will in existence, without their being able to discover who the heirs were, or what were their respective names. We omit the question, whether the other obligors or their representatives, besides those of Hebe Carter, deceased, ought to have been parties. We shall also omit to search for the law that warrants such an attachment, or the precedent by which it was framed, as well as the singular mixture of unknown devisees with unknown heirs, and the combination of the proceedings authorised by statute against non-sidents, with those relative to unknown heirs, and proceed to questions more directly affecting the propriety of the decree.
1. The obligation relied on, securing the demand of the defendants, does not expressly bind the heirs. Proceedings, therefore, upon it, whether in chancery or at law, ought to be as nearly as possible conformed to the statute of this state, which directs, “ that the same actions which will lie against executors or administrators, may be brought jointly against them and the heirs and devisees of the dead person, or both.”
As the personal representative and heirs are joined, it would be difficult to assign any reason for not bringing the suit at law, exsept the «ingle eirQtu3JStap.ce that *256 the heirs were unknown and insolvent. We cannot conce*ve that such a suggestion would be sufficient to translate the case from a court of law to a court of chan-eery. If this statutory remedy could be thus transferred, but few cases could be found, where these orsimi-]ar reasons could not apply; and thus the statute would produce a large crop of chancery litigation, which was never intended. But, admitting that allegations of this nature would be,sufficient to give the chancellor jurisdiction, they are evidently defective in the present case 5 because there is no allegatioii that the funds in the hands of the executor, belonging to the estate, were insufficient to pay the debt, but only that the heirs ^avc not such funds as personal estate. This might be true, as to them, and the personal representative have sufficient, arising from the sale of these articles. There *s’ therefore, no excuse shown for not suing the persenal representative at law, except the suggestion in the amended bill, that he had surrendered his trust; but how he had surrendered it, is not told, whether to the proper authority, or whether he had barely ceased to act.
If a suit in equity is in-stitutcdon is necessary that the bill should state, sonaUepre-" sentatives have not as-todischar6^ thedebt, and should show ,ij’s ia e 0
¡ As to the heirs, the hill is equally defective. It is not stated whether their lands or their rents were made assests in the hands of the personal representative, for the payment of debts; nor, what is still more strange, is it shown, that these lands, from which the rent proceeded, came to them by devise or descent from their testatrix; which was essential, in order to subject the rents to her contracts.
We are, therefore, of opinion, first, that the circumstances of this case did not in equity warrant a decree ex parte, according to the provisions of the statutes subjecting the debts and estates of non-residents to the payment of demands due from them in this state; secondly, that the demand is purely legal,- and no sufficient grounds are shown for departing from the proper remedy at law; and thirdly, that the fund which is thus applied in satisfaction of the demand, is not shown to be subject to it.
The decree must, therefore, he reversed with costs, and the cause remanded,' with directions to the court below ffiere to dismiss the bill with costs, and to direct a restitution of the money paid or collected by virtue thereof, to the party to whom it was originally payable.